Lan v. Barr

BIA
Sponzo, IJ
A078 205 781

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of October, two thousand twenty.

PRESENT:
JON O. NEWMAN,
DENNIS JACOBS,
PIERRE N. LEVAL,
*Circuit Judges.*

_____

LI LAN, AKA LIN LINGLI
*Petitioner,*

v.                                                    18-777
                                                      NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:              Theodore N. Cox, New York, NY.

FOR RESPONDENT:              Joseph H. Hunt, Assistant
                             Attorney General; Carl McIntyre,
                             Assistant Director; Brooke M.
                             Maurer, Trial Attorney, Office of
                             Immigration Litigation, United
                             States Department of Justice,
                             Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Li Lan, a native and citizen of the People's Republic of China, seeks review of a March 8, 2018, BIA decision that affirmed the April 24, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and cancellation of removal. *In re Li Lan,* No. A078 205 781 (B.I.A. Mar. 8, 2018), *aff'g* No. A078 205 781 (Immig. Ct. N.Y. City Apr. 24, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case. We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006).

We lack jurisdiction to review the agency's determination that Lan's asylum application was untimely and that she did not filed within a reasonable time of her changed personal circumstances. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D). And the BIA did not err in declining to consider her argument that changed country conditions excused the untimely filing of her application because she did not raise that argument

2

before the IJ. *See Prabhudial v. Holder*, 780 F.3d 553, 555-56 (2d Cir. 2015) ("[T]he BIA may refuse to consider an issue that could have been, but was not, raised before an IJ.").

Lan applied for withholding of removal, asserting that she will likely be persecuted based on the birth of her U.S. citizen children in violation of China's population control program. The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008). For largely the same reasons as set forth in *Jian Hui Shao*, we find no error in the agency's determination that Lan failed to satisfy her burden for withholding of removal. *See id.* at 158-67. As with the evidence in *Jian Hui Shao*, the evidence in Lan's case, demonstrates that family planning officials in Fujian Province use fines and economic incentives to pressure couples to comply with the birth control measures, abortions, and sterilizations required by the policy and discusses only isolated reports of force being used. *See Jian Hui Shao*, 546 F.3d at 159-66, 172.

Our jurisdiction to review the agency's denial of cancellation of removal based on Lan's failure to establish hardship to a qualifying relative is limited to constitutional claims and questions of law, 8 U.S.C.

3

§§ 1229b(b)(1)(D), 1252(a)(2)(B)(i), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39-40 (2d Cir. 2008), which we review de novo, *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). A question of law may arise when "some facts important to the subtle determination of 'exceptional and extremely unusual hardship' have been totally overlooked and others have been seriously mischaracterized." *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009). For jurisdiction to attach, however, such claims must be colorable. *Barco-Sandoval*, 516 F.3d at 40-41.

There is no merit to Lan's arguments that the IJ applied an overly stringent burden and ignored and mischaracterized evidence in evaluating whether her removal would cause her U.S.-citizen children "exceptional and extremely unusual hardship" as required for cancellation of removal. 8 U.S.C. § 1229b(b)(1)(D). The IJ did not hold that the hardship standard could be met only by establishing that a qualifying relative suffers from a serious health condition, but rather identified the various factors to be considered in the aggregate and evaluated Lan's children's educational needs and ability to communicate in Chinese in addition to their health issues. Further, the IJ did not conclude, as Lan suggests, that her children's health issues were not serious,

4

but rather found that they would be able to receive medical treatment for their conditions in China. And, as the IJ found, while Lan and her mother testified that traditional Chinese medicine her children received while they were in China had not improved their conditions and that she had sent their medicine from the United States, Lan did not submit evidence that her children would be unable to obtain the medicine they require in China. Finally, the IJ considered Lan's son's skin condition and reasonably characterized it as an allergy given Lan's testimony that the dermatologist believed it might be a reaction to his medication.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

5

06282019-7